IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KIMBERLY ASHLEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 11-CV-2259 CM/KGG |
| CITY OF OVERLAND PARK, KANSAS, | ) |
| Defendant. | ) |

## **COMPLAINT**

COMES NOW the Plaintiff and for her cause of action against the Defendant alleges and states as follows:

1. That Plaintiff is a resident of Eudora, Douglas County, Kansas.

2. That Defendant is a municipality organized in accordance with Kansas law.

3. That this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.A. §1331.

4. That venue is appropriate in the court pursuant to 28 U.S.C.A. §1391(b).

5. That Plaintiff was employed as a police officer for Defendant's police department beginning in May, 2006 until approximately May 2008 when she left to work for the Lawrence, Kansas Police Department.

6. That Plaintiff returned to the employment of Defendant on August 7, 2008.

7. That Plaintiff was terminated from her employment on December 11, 2009.

8. That Plaintiff was terminated because Defendant did not believe that she could perform the essential functions of her job due to bipolar disorder, Type II.

9. That prior to her termination, Plaintiff was diagnosed with depression and had begun treatment.

10. That in February or March 2009, Plaintiff went from being a patrol officer to being on special assignment within the police department.

11. That while on special assignment, Plaintiff restarted the Citizen's Police Academy, was a training assistant providing in service training other officers, trained dispatchers, instructed emergency vehicle operations, provided IES simulator training and worked in the tow department.

12. That Plaintiff successfully performed all of the job duties while on special assignment.

13. That in June 2009, Plaintiff was diagnosed with bipolar disorder, Type II and began treatment for this condition.

14. That on September 29, 2009, the physician treating her bipolar disorder stated that Plaintiff was capable of performing all duties of a patrol officer or dispatcher.

15. That Plaintiff requested that she be returned to duty as a patrol officer.

16. That Defendant denied Plaintiff's request to return as a patrol officer.

17. That Plaintiff then requested a reasonable accommodation to allow another police officer to ride with her to establish that Plaintiff could perform the essential functions of her job as a patrol officer.

18. That Defendant denied this reasonable request.

19. That Plaintiff requested that she be given a permanent position within the training department where she had been on special assignment.

20. That despite the need for an assistant trainer, the Defendant denied this request.

21. That Plaintiff requested that she be allowed to work as a dispatcher, either permanently or until she could prove to Defendant that her bipolar disorder was under control and that she could then return to her duties as a patrol officer.

22. That Defendant denied this request.

23. That at the time Plaintiff was making these requests, Defendant accommodated a new officer who had failed the field training program by giving him a position as a dispatcher.

24. That at the time Plaintiff was making these requests, Defendant moved an officer from dispatcher to property because of the inability to handle the job responsibilities.

25. That at the time Plaintiff was making these requests, Defendant was in the process of hiring two new police officers.

26. That at the time Plaintiff was making these requests, Defendant had open positions for a dispatcher.

27. That either Plaintiff's bipolar disorder, Type II is a permanent disability which affects major life activities, a record of such a disability, or Defendant regarded Plaintiff to be disabled, as those terms are defined by the Americans with Disabilities Act, 42 U.S.C. §12102.

28. That at all times relevant herein, Plaintiff could perform the essential functions of her job as a patrol officer.

28. That Defendant failed to reasonably accommodate Plaintiff in the performance of her job as a patrol officer, or failed to offer to her available, alternative employment for which she was qualified.

29. That as a result of the actions of Defendant set forth above, it discriminated against Plaintiff in violation of the Americans with Disabilities Act, 42 U.S.C. §12112.

31. That as a direct result of the discriminatory actions of Defendant, Plaintiff has been injured and damaged.

30. That Plaintiff has sustained emotional distress, anguish and anxiety as a result of the actions of Defendant.

31. That Plaintiff has lost income as a result of the actions of Defendant.

WHEREFORE, Plaintiff prays for judgment against Defendant for reasonable damages, including but not limited to back pay, reinstatement or front pay, compensatory damages, attorney fees and costs.

Respectfully Submitted,

**BEAM-WARD, KRUSE, WILSON, WRIGHT & FLETES, LLC**

/s/ Mark Beam-Ward
MARK BEAM-WARD, KS #10071
8695 College Boulevard, Suite 200
Overland Park, Kansas 66210
mbeamward@bkwwflaw.com
(913) 339-6888
(913) 339-9653 (Fax)
ATTORNEY FOR PLAINTIFF